# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BYRON LEONEL GOMEZ,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*

    *Respondents*.

2:10-cv-01823-KJD-PAL

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner's papers are subject to multiple defects.

First, petitioner did not either pay the filing fee or submit an application to proceed *in forma pauperis*. Petitioner first must satisfy the filing fee requirement or obtain leave to proceed *in forma pauperis* in order to commence a habeas action in federal court.

Second, petitioner did not sign the petition. It appears that he signed, or at least printed his name under, the declaration under penalty of perjury, but he did not sign the petition itself. He must do both.

Third, from the procedural history given, it does not appear that petitioner has exhausted his state judicial remedies in the Nevada state courts. See #1, at 1, responses to queries 3 and 4. Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts

1  completely through to the highest court available, in this case the Supreme Court of Nevada.
2  *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*,
3  329 F.3d 1069, 1075 (9th Cir. 2003).  The exhaustion requirement insures that the state
4  courts, as a matter of federal-state comity, will have the first opportunity to pass upon and
5  correct alleged violations of federal constitutional guarantees.  *See,e.g., Coleman v.*
6  *Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).  A federal
7  petition that is completely unexhausted in the state courts is subject to immediate dismissal.
8  *See,e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d
9  478, 481 (9th Cir.2001).

10      Given the multiple defects presented, the action will be dismissed without prejudice.
11      Petitioner is informed that a one year federal limitation period applies to a federal
12  habeas petition under 28 U.S.C. § 2244(d)(1).
13      IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice.
14      IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of
15  reason would not find a without prejudice dismissal of a defective action and facially
16  unexhausted petition approximately five months after the date of the judgment of conviction
17  stated in the petition to be debatable or wrong.
18      The Clerk of Court shall enter final judgment accordingly, dismissing this action without
19  prejudice.
20      DATED: October 25, 2010

_____
KENT J. DAWSON
United States District Judge